Beth E. Terrell, WSBA #26759
Marc C. Cote, WSBA #39824
Attorneys for Plaintiff
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: mcote@terrellmarshall.com

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD STAPLEMAN, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY INTEGRATED SERVICES, INC.,<br><br>Defendant. | NO. 2:16-cv-0024-SMJ<br><br>STIPULATION AND PROPOSED ORDER FOR CONDITIONAL CERTIFICATION AND COURT-APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS AND COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiff Richard Stapleman ("Plaintiff") and Defendant Quality Integrated Services, Inc. ("Defendant" or "QIS"), through their undersigned counsel, file this Joint Stipulation for Conditional Certification and Court-Approved Notice Pursuant to 29 U.S.C. § 216(b), and state as follows:

**STIPULATION AND PROPOSED ORDER FOR
CONDITIONAL CERTIFICATION AND COURT-
APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**- 1

1.  Plaintiff brought this action on behalf of himself and all others similarly situated. Plaintiff alleges that he was paid on a day rate basis and worked well in excess of 40 hours a week without receiving time-and-a-half overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Washington law. Defendant denies that it violated the FLSA or Washington wage and hour laws. Defendant claims that Plaintiff and any opt-in class members were paid a salary and exempt under various FLSA or Washington wage and hour laws.

2.  The parties have met and conferred, and in the interests of efficiency and judicial economy, stipulate and agree to FLSA conditional certification of this lawsuit pursuant to 29 U.S.C. § 216(b) on behalf of the following class of employees:

> All current or former employees of QIS who performed work in Inspector Positions on the Northwest Pipeline Project and whose wages were calculated on a daily basis at any time between [the present and three years prior to the date that the Court issues an Order granting Conditional Certification] and the present (the "FLSA Class").

3.  The parties define "Inspector Positions" as the following positions: Utility Inspector, Senior Utility Inspector, Craft Inspector, and Senior Craft Inspector. There are approximately 50-60 potential FLSA Class Members.

**STIPULATION AND PROPOSED ORDER FOR CONDITIONAL CERTIFICATION AND COURT-APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**- 2

4. By agreeing to this stipulation, the parties agree that Defendant does not waive its right to argue, upon a motion at or near the end of fact discovery, or such other time as set by the Court, that the FLSA Class should be decertified.

5. A proposed Notice and Opt-In Consent Form for approval by the Court are attached hereto as Exhibits A and B.

6. The parties agree to the following notice program:

    a. Within ten (10) business days from the date of the Court's Order conditionally certifying the FLSA Class and approving Exhibits A and B, Defendant shall deliver to Plaintiff's counsel an electronic spreadsheet of the names, last known mailing addresses, last known telephone numbers, last known email address, and dates of employment, and last four digits of Social Security Numbers of all putative FLSA Class members (all of which may be produced subject to an agreed protective order maintaining the confidentiality of this information).

    b. Within five (5) business days of receiving this information, Plaintiff's counsel shall cause to be mailed and emailed, at their expense, the approved Notice and Opt-In Consent Form to the putative FLSA Class Members and shall include a self-addressed, stamped envelope. Plaintiffs may employ a third-party administrator for this task. If so, Plaintiffs will provide the name of the third-party administrator to the Defendant. Prior to sending the Notice, Plaintiff's

**STIPULATION AND PROPOSED ORDER FOR CONDITIONAL CERTIFICATION AND COURT-APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)- 3**

counsel or the third-party administrator shall run the list of putative FLSA Class Members through the U.S. Postal Service's National Change of Address database ("NCOA"), and will perform address searches using public and proprietary electronic resources which collect data from various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus. Plaintiff and/or the Notice Administrator may undertake reasonable efforts to attempt to locate putative members of the FLSA Class for whom notices are returned as undeliverable.

  c. Any potential member of the FLSA Class shall have sixty (60) days from the date of mailing of the Notice and Opt-In Consent Form to return a copy of the Opt-In Consent Form to Plaintiff's counsel (or the third-party notice administrator ("Notice Administrator")) for filing ("Notice Period"). Putative FLSA Class Members may submit their Opt-In Consent Forms via regular mail, electronic mail, or facsimile, and they may execute and submit their Opt-In Consent Forms online through an electronic signature service that will be established by Plaintiff's counsel or the Notice Administrator. The electronic signature service shall be mutually agreed upon by Plaintiff's counsel and Defendant's counsel. To sign the electronic consent form, a potential class member shall be required to provide his or her email address to receive a unique access code to access the consent form. The entire notice shall be provided to each

**STIPULATION AND PROPOSED ORDER FOR CONDITIONAL CERTIFICATION AND COURT-APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)- 4**

potential class member when the individual logs in to consent. If a potential class member does not follow the correct electronic opt-in procedures, that individual shall not be deemed to have completed an opt-in consent form, unless a timely correction is made. Plaintiff's counsel or the Notice Administrator shall remove access to all electronic consent forms the day after the opt-in period closes, and close any website associated with electronically opting-in to the class. Plaintiff nor the Notice Administrator shall post the Notice or Opt-in Consent Form on any public web page, including any "landing" page on Plaintiff counsel's firm website or the Notice Administrator's website. Plaintiff's counsel shall retain or require the Notice Administrator to retain all metadata associated with the electronic signature service and shall produce the metadata on any opt-in plaintiff to Defendant upon request.

        d.    Opt-In Consent Forms will be deemed to be filed on the day they are stamped as received by either Plaintiff's counsel or the Notice Administrator and documentation of the receipt date shall be provided to Defendant upon request. All Opt-In Consent Forms that are received by mail must be postmarked, emailed or electronically signed within 60 days from the date of mailing. Any consent form emailed to Plaintiff's counsel by a class member must contain the class member's signature on the consent form and be transmitted to Plaintiff's counsel in pdf format or otherwise submitted on the electronic signature

**STIPULATION AND PROPOSED ORDER FOR
CONDITIONAL CERTIFICATION AND COURT-
APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)- 5**

service described above; a return email from a potential class member without a signed consent form is not sufficient for the individual to opt-in to the lawsuit. If Plaintiff's counsel elects to use a third-party administrator, the third party administrator will send ".pdf" copies of all returned Opt-In Consent Forms to Plaintiff's counsel, who will file them electronically on the docket on a weekly basis. Opt-In Consent forms must be filed with the Court within five business days after close of the 60-day opt-in consent period for a putative FLSA Class member to be considered timely for purpose of individuals joining this collective action. Plaintiff shall meet and confer with Defendant prior to filing any Opt-in Consent Forms that are postmarked in excess of five (5) business days after the close of the 60-day opt-in consent period.

   e. All costs associated with the mailing of notices and opt-in consent process shall be borne by Plaintiff's counsel.

   f. If the Notice Administrator or Plaintiff's Counsel receives an Opt-In Consent Form from an individual who has not been previously identified on the list provided by Defendant pursuant to paragraph 6(a), Plaintiff's Counsel shall notify Defendant's counsel of the identity of the individual, and Defendant shall provide employment history information for that individual within 5 business days. If the parties cannot agree on whether the individual should properly be a member

of the collective as defined in paragraph 2, above, Plaintiff's Counsel shall file the Opt-In Consent Form with an attached notice documenting the disagreement.

7. To conserve resources during the Notice Period, the parties agree that the case, including all issues related to the Washington state law claims, shall be stayed from the date of the Court granting conditional certification until 30 days after the close of the opt-in notice period. The parties agree to meet and confer to determine any additional informal discovery they believe is necessary to facilitate discussions regarding settlement.

8. Within 30 days after the close of the opt-in consent period, the parties shall file a joint report apprising the Court as to the status of any settlement discussions and/or the need for additional status conference.

WHEREFORE, the parties respectfully request that the Court approve this Stipulation and sign the accompanying proposed order conditionally certify the FLSA Class pursuant to 29 U.S.C. § 216(b), and stay the case until 30 days after the close of the opt-in consent period to facilitate the parties' settlement negotiations.

Dated: June 24, 2016                        Respectfully submitted,

**BERGER & MONTAGUE, P.C.**          **McAFEE & TAFT**


/s/ Sarah R. Schalman-Bergen          /s/ Sam Fulkerson
Shanon J. Carson                              Philip Bruce

**STIPULATION AND PROPOSED ORDER FOR CONDITIONAL CERTIFICATION AND COURT-APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)- 7**

| | | |
|---|---|---|
| 1 | Sarah R. Schalman-Bergen | Sam Fulkerson |
| | Alexandra K. Piazza | Tony Puckett |
| 2 | Camille Fundora | **McAFEE & TAFT** |
| | **BERGER & MONTAGUE, P.C.** | 10th Floor, Two Leadership Square |
| 3 | 1622 Locust Street | 211 North Robinson |
| | Philadelphia, Pennsylvania  19103 | Oklahoma City, Oklahoma  73102 |
| 4 | Telephone: (215) 875-3000 | Telephone: (405) 235-9621 |
| | Facsimile: (215) 875-4604 | Facsimile: (405) 235-0439 |
| 5 | scarson@bm.net | philip.bruce@mcafeetaft.com |
| | sschalman-bergen@bm.net | sam.fulkerson@mcafeetaft.com |
| 6 | apiazza@bm.net | tony.puckett@mcafeetaft.com |
| | cfundora@bm.net | |
| 7 | | Chelsea D. Petersen |
| | Beth E. Terrell | **PERKINS COIE – SEA** |
| 8 | Marc C. Cote | 1201 Third Avenue, 40th Floor |
| | **TERRELL MARSHALL LAW** | Seattle, Washington  98101-3099 |
| 9 | **GROUP PLLC** | Telephone: (206) 359-8000 |
| | 936 North 34th Street, Suite 300 | Facsimile: (206) 359-9000 |
| 10 | Seattle, Washington  98103-8869 | CDPetersen@perkinscoie.com |
| | Telephone:  (206) 816-6603 | |
| 11 | Facsimile:  (206) 319-5450 | |
| | bterrell@terrellmarshall.com | |
| 12 | mcote@terrellmarshall.com | |
| 13 | Richard J. (Rex) Burch * | |
| | James A. Jones * | |
| 14 | **BRUCKNER BURCH, PLLC** | |
| | 8 Greenway Plaza, Suite 1500 | |
| 15 | Houston, Texas  77046 | |
| | Telephone: (713) 877-8788 | |
| 16 | Facsimile:  (713) 877-8065 | |
| | rburch@brucknerburch.com | |
| 17 | jjones@brucknerburch.com | |
| 18 | *Attorneys for Plaintiff and the Proposed Classes* | |
| 19 | *Pro Hac Vice Motion Forthcoming | |
| 20 | | |

**STIPULATION AND PROPOSED ORDER FOR CONDITIONAL CERTIFICATION AND COURT-APPROVED NOTICE PURSUANT TO 29 U.S.C. § 216(b)-** 8